

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,723-01

### EX PARTE JONAH SWENSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1475074-A IN THE 178TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of AB-Chminaca and was sentenced to eight years' imprisonment. He did not appeal his conviction.

Applicant contends that his plea was involuntary and violates due process because the evidence was tested in his case and found not to be AB-Chminaca. He relies on this Court's opinion in *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014). The trial court made findings of fact

and conclusions of law, also relied on *Mable*,[1] and recommended that we grant relief. Before determining whether Applicant's plea was involuntary, we believe that this application should be remanded for further findings of fact.

The record suggests that Applicant possessed three drugs relevant to this case:

(1) AB-Chminaca,

(2) methylenedioxy-N-ethylcathinone, and

(3) 3, 4 methylenedioxy-N, N-dimethylcathinone.

Applicant was convicted of possession of drugs (1) and (3). He does not challenge his conviction for possession of drug (3). It appears that in the present case Applicant was charged by complaint with possession of drug (2) but was indicted and convicted of possession of drug (1). Whether Applicant's plea was involuntary might depend on what he knew about drugs (1) and (2) when he pleaded guilty to possession of drug (1).

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may order trial counsel to respond. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court holds a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM.

---

[1] This case does not appear to be on all fours with *Mable* or *Ex parte Broussard*, 517 S.W.3d 814 (Tex. Crim. App. 2017), and our decision in *Ex parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013), may perhaps be implicated.

PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to the following: (1) whether Applicant knew that possession of drug (1) (A-B Chminaca) was not a felony but nonetheless chose to plead guilty to eliminate his exposure to criminal liability for possession of drug (2) (methylenedioxy-N-ethylcathinone); and (2) if Applicant did not know this, whether he would still have pleaded guilty if he had known this, given his exposure to criminal liability for possession of drug (2). The trial court shall also determine whether our recitation of the facts in Applicant's drug cases is accurate; if not, whether similar questions arise under an accurate recitation of the facts; and if so, what the answers to those questions are. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:  October 18, 2017
Do not publish