**Opinion filed August 3, 2017**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-16-00131-CR & 11-16-00132-CR

_____

## STEPHANIE RENE VALADEZ STEVENS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause Nos. CR24040 & CR24041**

### O P I N I O N

The grand jury indicted Appellant for possession with intent to deliver a controlled substance, namely methamphetamine in the amount of four grams or more but less than 200 grams, in a drug-free zone. The grand jury also indicted her for the offense of tampering with or fabricating physical evidence. In each case, Appellant waived her right to a jury trial and entered open guilty pleas. The trial court found Appellant guilty of both offenses, assessed punishment at confinement for ten years for the possession offense and at two years for the tampering offense,

and ordered that the sentences were to run consecutively. In each appeal, Appellant challenges the voluntariness of her plea. We affirm.

## I. *Background Facts*

Law enforcement officers executed a search warrant at Appellant's home after receiving a confidential tip from an informant that narcotics were located in Appellant's home and that children in the home might be at risk. As law enforcement officers entered the house, Appellant threw more than six grams of methamphetamine into a toilet. When law enforcement officers searched Appellant's home, they found approximately forty grams of "methamphetamine cut," which is a substance "used to bulk up methamphetamine for distribution."

During the entry of her guilty pleas, the trial court asked Appellant whether she understood the charges leveled against her and the possible punishment that she faced. Before the trial court accepted Appellant's guilty plea in each cause, the trial court asked Appellant about her age and education level and her ability to read and write the English language. The trial court also asked whether she understood that she had waived her right to a jury trial, whether her mental health was impaired, and whether she understood that no plea bargain had been arranged in each cause. The trial court also explained that it would decide her punishment within the applicable range and asked if her plea was made freely and voluntarily. The trial court then explained to Appellant how the drug-free zone statute would enhance the possession charge and how her punishment in the possession case could be stacked upon punishment in the tampering-with-evidence case. Appellant told the trial court that she understood the consequences explained to her and that she wished to freely and voluntarily enter an open plea of guilty to each offense.

## II. *Analysis*

Appellant claims in a single issue on appeal in both causes that her open pleas of guilty were not voluntary. A guilty plea involves a waiver of several

constitutional rights.  *Ex parte Barnaby*, 475 S.W.3d 316, 322 (Tex. Crim. App. 2015) (citing *Boykin v. Alabama*, 395 U.S. 238, 242–43 (1969)) (a guilty plea involves, among other things, a waiver of a defendant's federal constitutional rights to be tried by a jury, to confront his accusers, to have a speedy and public trial, and to invoke his privilege against compulsory self-incrimination); *see Ex parte Palmberg*, 491 S.W.3d 804, 807 (Tex. Crim. App. 2016).  Although a defendant has an absolute right to a jury trial, he also has a right to waive it.  *Adams v. United States ex rel. McCann*, 317 U.S. 269, 275 (1942); *see* TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (West Supp. 2016).  The defendant must make the waiver in person and in writing, in open court, and do so with the consent and approval of both the court and the State.  CRIM. PROC. art. 1.13(a).  In addition, "[f]ederal due process requires that '[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'"  *Davison v. State*, 405 S.W.3d 682, 686 (Tex. Crim. App. 2013) (second alteration in original) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *see Dansby v. State*, 448 S.W.3d 441, 451 (Tex. Crim. App. 2014).

When we consider the voluntariness of a plea, we examine the record as a whole.  *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).  "The crucial issue is whether, under all the facts and circumstances, the plea was truly voluntary."  *Barnaby*, 475 S.W.3d at 323 (quoting *Gaither v. State*, 479 S.W.2d 50, 51 (Tex. Crim. App. 1972)); *see Salvaggio v. State*, No. 11-15-00027-CR, 2017 WL 922509, at *1 (Tex. App.—Eastland Feb. 28, 2017, no pet.) (mem. op., not designated for publication).  Pleas are only involuntary when induced by threats, misrepresentation, or improper promises.  *Khamissi v. State*, No. 11-10-00020-CR, 2010 WL 3796225, at *3 (Tex. App.—Eastland Sept. 30, 2010, pet. ref'd) (mem. op., not designated for publication) (citing *Brady*, 397 U.S. at 755).  The fact that a

trial court duly admonished a defendant about her rights and the consequences of her guilty plea creates a prima facie showing that the defendant knowingly and voluntarily entered the plea. *Martinez*, 981 S.W.2d at 197.

Appellant asserts that her plea was not voluntary because she was unaware that the Court of Criminal Appeals might revise the *mens rea* element of the drug-free zone enhancement. While her appeal was before this court, the Court of Criminal Appeals considered *White v. State* to decide whether the State must prove that the defendant knew that he was in a drug-free zone. 509 S.W.3d 307 (Tex. Crim. App. 2017). In *White*, the court held that no such *mens rea* requirement was necessary. *Id.* at 315. An accused need not be aware that, when he possessed an illegal drug, he was in a drug-free zone. *Id.*

In both causes, the trial court properly admonished Appellant as to her rights, her understanding of the charges against her, and the consequences of her guilty pleas. We note that Appellant does not claim that her guilty pleas were the product of any threat, misrepresentation, or any improper promise. The open plea to the possession offense is not related in any way to the separate tampering offense for which she also entered an open plea. Furthermore, a defendant's failure to anticipate a potential change in the law at the time of her guilty plea does not impugn the truth or reliability of that plea. *Brady*, 397 U.S. at 757. We overrule Appellant's single issue on appeal in each cause.

### III. *This Court's Ruling*

We affirm the judgments of the trial court.


August 3, 2017

Publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

MIKE WILLSON

JUSTICE