**Firmato Rodriguez PALAFOX, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–97–00002–CR.

Court of Appeals of Texas,
Texarkana.

Submitted June 18, 1997.

Decided June 19, 1997.

Ralph Ramiro Martinez, Houston, for appellant.

Charles C. Bailey, District Attorney, Mt. Pleasant, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Firmato Palafox was convicted of possession of heroin, a controlled substance, with intent to deliver. His punishment was set at forty years' imprisonment. Palafox appeals, contending that the trial court erred in denying his motion for instructed verdict. We overrule this contention and affirm the judgment.

Palafox was arrested at a bus station in Mount Pleasant after police received information from an informant that Palafox was engaged in transporting a controlled substance from Mexico to Mount Pleasant. Palafox signed a written statement in which he admitted that he picked up a pair of shoes from a man named Vallejo in Mexico, then went to McAllen, Texas, where Vallejo met him and hid cocaine in the shoes. He then flew to Dallas and then took a bus to Mount Pleasant, where he delivered the shoes and the narcotics to a man named Juan Alacon. Palafox said in his statement that he knew the shoes contained what he thought was cocaine, and that he expected to be paid $500.00 and his expenses for transporting it. The police found the shoes in the possession of Alacon at a motel in Mount Pleasant. The controlled substance in the shoes was heroin, however, rather than cocaine.

Palafox contends that his motion for instructed verdict should have been granted because the proof showed there was cocaine in the shoes, rather than heroin as alleged in the indictment, and because his written confession, which was introduced in evidence, was not sufficiently corroborated to prove the corpus delicti.

 The variance between the allegation that Palafox possessed heroin and his confession that he possessed cocaine is not fatal to the conviction. When the only difference between what the actor desired or intended and the actual result is that a different offense was committed, the actor is responsible for causing the result that actually occurs. TEX. PENAL CODE ANN. § 6.04(b)(1) (Vernon 1994); *see Bagsby v. State,* 721 S.W.2d 567 (Tex.App.-Fort Worth 1986, no pet.). The jury in this case was properly instructed under this statute.

 We also conclude that Palafox's confession was sufficiently corroborated. *See Wooldridge v. State,* 653 S.W.2d 811 (Tex.Crim.App.1983). There was evidence that Palafox had in his possession a round-trip airline ticket for travel between McAllen and Dallas, as well as written directions from Dallas to a house in Mount Pleasant. The shoes and the heroin hidden in them were found in the possession of Juan Alacon. These facts corroborate the statements in Palafox's confession and make it more probable that the confession is true. It is not necessary that the corroborating evidence be sufficient in itself to establish every element of the offense. *Wooldridge v. State, supra; Hough v. State,* 929 S.W.2d 484, 486 (Tex. App.-Texarkana 1996, pet. ref'd).

For the reasons stated, the judgment is affirmed.