

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-87,190-02

### EX PARTE ANDREW SAUCEDO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1415435-A IN THE 262ND DISTRICT COURT
### FROM HARRIS COUNTY

**KELLER, P.J., filed a dissenting opinion in which KEEL, J., joined.**

Applicant knowingly possessed a controlled substance. He knew at the time of his plea that the substance had not yet been tested. But the State was giving him a great deal—six years' deferred adjudication—so he pled guilty. Testing on the substance was complete less than two months after the plea,[1] but for almost three years, Applicant did nothing to challenge his conviction. Now that his guilt has been adjudicated and he has been sentenced to ten years, Applicant wants a do-over, and the Court gives him one. There are three reasons this is a mistake.

---

[1] Applicant was placed on deferred adjudication on January 27, 2014. According to Applicant's habeas application and the trial court's findings of fact, the Houston Police Department Crime Laboratory tested the substance on March 21, 2014. The habeas record contains a laboratory report dated March 21, 2014, which shows methylethcathinone rather than methamphetamine.

First, under *Ex parte Broussard*, Applicant has not shown that his guilty plea was involuntary.[2] The testing did not disprove Applicant's guilt of possessing an illegal drug; it just proved that he possessed a different illegal drug than the one charged.[3]

Second, Applicant has not shown harm. Under the doctrine of transferred intent, he is still guilty of culpably possessing the drug that the testing revealed, and the punishment range for that drug is the same as the one with which he was charged. Consequently, Applicant is not actually innocent nor has he been subjected to a harsher punishment range than the offense that he actually committed would support.

The general rule in post-conviction habeas proceedings is that the convicted person has the burden to show harm.[4] To understand how harm could be shown in a case such as this, we begin with the fact that Applicant's conviction was the result of a guilty plea. A guilty plea constitutes an admission of guilt to the charged crime.[5] In pleading guilty to possession of methamphetamine, Applicant admitted to all of the elements of that offense. His claim now is that he is not guilty of possession of methamphetamine because the testing conclusively establishes that he possessed a different drug—methylethcathinone. This claim does not satisfy the requirements for showing actual innocence because Applicant could still be guilty of the lesser-included offense of attempted

---

[2] 517 S.W.3d 814, 820 (Tex. Crim. App. 2017).

[3] *See id.*

[4] *Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013).

[5] *United States v. Broce*, 488 U.S. 563, 570 (1989).

possession of methamphetamine.[6]

Applicant's guilty plea to the methamphetamine offense and his habeas pleading and proceeding necessarily establish all the elements of the methylethcathinone offense. Under those circumstances, Applicant has effectively admitted his guilt of the methylethcathinone offense.

Base drug-possession offenses[7] ordinarily contain four elements: (1) the possession of a substance, (2) the amount of that substance, (3) the identity of that substance as a particular drug, and (4) the culpable mental state for possession of the drug.[8] The possession of a substance and the amount of that substance were admitted by Applicant at his guilty plea, and he does not now challenge those admissions. Instead, the claim is that the substance possessed was a different drug than the one alleged, namely methylethcathinone, instead of methamphetamine. So Applicant's guilty plea to the methamphetamine offense necessarily satisfied elements (1) and (2) of the methylethcathinone offense.

As for element (3)—the identity of the substance as methylethcathinone—that element was necessarily satisfied by Applicant's habeas pleading and this habeas proceeding. To even make his claim on habeas corpus, Applicant has to concede that the substance he possessed was methylethcathinone. He cannot claim, for example, that the chemist tested the wrong substance or that the testing procedure was flawed, because such claims would undermine his contention that the

---

[6] *See State v. Wilson*, 324 S.W.3d 595, 598 (Tex. Crim. App. 2010) ("We hold that the term 'actual innocence' shall apply, in Texas state cases, only in circumstances in which an accused did not, in fact, commit the charged offense or any of the lesser- included offenses.").

[7] A base drug-possession offense would be one that is without enhancing elements such as the possession being in a drug-free zone. *See* TEX. HEALTH & SAFETY CODE § 481.134 (drug free zone enhancement).

[8] *See e.g.*, *id.* §§ 481.115, 481.116.

testing shows he did not possess methampethamine. Applicant cannot use the identity of that substance when it operates in his favor but call its identity in question when it operates against him. And consistent with Applicant's habeas pleading, the evidence in this habeas proceeding shows the substance to be methylethcathinone.

That leaves element (4), the culpable mental state. We have said in the past that, for a possession-of-controlled-substance offense, the State is required to prove that the accused "knew the matter [possessed] was contraband."[9] If that is literally all the State is required to prove, then Applicant's guilty plea to intentionally and knowingly possessing methamphetamine satisfies the culpable-mental-state element, and all four elements have been established.

But methamphetamine and methylethcathinone fall within different penalty groups,[10] and it could be argued that the culpable mental state applies at least to the penalty group that the substance is in. If that were so, then the intent or knowledge with respect to a drug in penalty group 2 might differ from the intent or knowledge with respect to a drug in penalty group 1.[11] But this difference ultimately does not matter because of the law of transferred intent.

The Penal Code contains two "transferred intent" doctrines, but the one applicable here involves the transfer of intent from one offense to another:

---

[9] *Ex parte Lane*, 303 S.W.3d 702, 709 (Tex. Crim. App. 2009); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005), *overruled on other grounds by*, *Robinson v. State*, 466 S.W.3d 166, 173 (Tex. Crim. App. 2015); *Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995). Bracketed material absent from *Lane* but present in *Poindexter* and *Joseph*.

[10] TEX. HEALTH & SAFETY CODE §§ 481.102(6), 481.103(4).

[11] *Compare* TEX. HEALTH & SAFETY CODE § 481.115 ("if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1"), *with id.* § 481.116 ("if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 2").

A person is nevertheless criminally responsible for causing a result if the only difference between what actually occurred and what he desired, contemplated, or risked is that . . . a different offense was committed.[12]

We have applied this version of the "transferred intent" doctrine to drug offenses.[13] Consequently, Applicant's culpable mental state with respect to methamphetamine, admitted to by his guilty plea, transfers to the methylethcathinone offense.

Because Applicant has effectively admitted, through his plea and his current pleadings, to all the elements of possession of methylethcathinone, and because that offense has the same punishment range as the methamphetamine offense to which he pled guilty, Applicant has suffered no harm.

Finally, Applicant should be estopped from challenging his plea because he waited to do so until his guilt was adjudicated. A person who receives probation as a part of a plea agreement should be estopped from challenging the validity of his plea when he enjoys the benefits of being on probation and raises his challenge only after probation is revoked.[14] Despite his allegation that he

---

[12] TEX. PENAL CODE § 6.04(b)(1).

[13] *Mendoza v. State*, 636 S.W.2d 198, 200 & n.2 (Tex. Crim. App. 1982). *See also Palafox v. State*, 949 S.W.2d 48, 49 (Tex. App.—Texarkana 1997, no pet.). Although the language of the transferred intent instruction talks about "causing a result," at least one court of appeals has concluded that possession of a controlled substance can qualify as a result-oriented offense for the purpose of instructing the jury. *Adams v. State*, 744 S.W.2d 622, 628-29 (Tex. App.—Fort Worth 1987, pet. ref'd). *See also Skillern v. State*, 890 S.W.2d 849 (Tex. App.—Austin 1994, no pet.) (citing *Adams* for the proposition that "an offense may not fit neatly into either a 'result' type or a 'nature of conduct' offense").

[14] *See Rhodes v. State*, 240 S.W.3d 882, 890-91, 891 n.52, 892 n.57 (Tex. Crim. App. 2007) (discussing with approval the concurring opinion in *Ex parte Williams*, 65 S.W.3d 656, 658-60 (Tex. Crim. App. 2001) (Keller, P.J., concurring), which concluded that the plea-bargaining defendant in that case was estopped from challenging the trial court's judgment on the basis that probation was illegal because he had accepted the benefits of probation).

would not have pled guilty if he had known the relevant circumstances, Applicant enjoyed the benefit of his plea bargain for almost three years after the substance was tested.[15] The habeas court found that Applicant was never made aware of the lab report after his initial plea or during the motion to adjudicate. Even so, Applicant could have inquired as to the result of testing, and had he done so earlier, could have filed a habeas application under Article 11.072, while he was still on probation.[16] Granting relief under such circumstances creates a windfall for defendants who have nothing to lose by laying behind the log. I would hold that Applicant's claim is barred by estoppel.[17]

For these reasons, I would deny relief.

Filed: June 26, 2019
Publish

---

[15] *See Rhodes*, 240 S.W.3d at 892 (defendant was estopped who had "quietly enjoyed the benefits" of the illegal judgment, challenging it now only because, due to his own subsequent criminal conduct, the judgment could be used to enhance his punishment for a new offense).

[16] *See* TEX. CODE CRIM. PROC. art. 11.072.

[17] Maybe the State agreed to relief because it believed the law demanded it. But the State's concession has no legal effect, so by granting relief here, the Court establishes a right to relief in these circumstances even when the State contests a writ application. The next time an applicant proves that the substance he pled guilty to possessing was in a different penalty group than the substance he actually possessed, he will be entitled to relief under the Court's opinion.