OPINION
Keasler, J,,
delivered the opinion of the Court
in which Keller, P.J., and Hervey, Richardson, Yeary, and Keel, JJ., joined.
Kenneth Broussard pleaded guilty to delivery of cocaine and was sentenced to eight months’ imprisonment. Laboratory tests later determined that Broussard possessed methamphetamine. In his habeas corpus application, Broussard alleges that his plea was involuntary, and as a result, violated due process because the test results show he did not possess cocaine. Because at the time of the plea Broussard had sufficient awareness of the law in relation to the facts, we hold that his plea was voluntary and intelligent.
I.
On December 10, 2014, Broussard was arrested with less than one gram of an unidentified substance. A field test determined that the substance was cocaine—a penalty group one substance.[1] Broussard was charged with delivery of cocaine in an amount less than one gram. The charging document also included two enhancement paragraphs. On December 12, 2014, Brous-sard entered into a plea-bargain agreement. He pleaded guilty and, under § 481.112 (b) of the Controlled Substances Act, was sentenced to eight months in state jail. As part of the agreement, the State abandoned both enhancement paragraphs.
On February 9, 2015, the Houston Forensic Science Center released a laboratory report identifying the substance as methamphetamine—also a penalty group one substance[2]—in an amount of less than one gram. Broussard filed this habeas corpus application alleging that his plea was involuntary and his conviction violated due process because the lab results show he did not possess cocaine. The Harris County District Attorney’s Office and habeas judge both recommended that we grant Broussard relief. However, these recommendations do not automatically entitle an applicant to relief, especially if the legal theory underlying these recommendations is uncertain.[3] We filed and set Broussard’s application to evaluate the judge’s conclusion that his plea was involuntary. ■
II.
A guilty plea must be entered knowingly and voluntarily.[4] A defendant must have an understanding of the law in relation to the facts surrounding his plea.[5] Further, a defendant must have sufficient awareness of the relevant circumstances surrounding the plea.[6] A guilty plea is valid only if it is “a voluntary and intelligent choice among the alternative courses of action open to the defendant.”[7]
*817 Sufficient awareness of the factual circumstances surrounding a plea, as opposed to complete knowledge, ■ is required when a plea is entered. In United States v. Ruiz, the United States Supreme Court held that the prosecution was not required to disclose impeachment evidence before entering into a plea agreement.[8] Although,giving more information to a defendant will likely result in a wiser plea, “the Constitution does not require the prosecutor to share all useful information with the defendant.”[9] A court is permitted to accept a plea where a defendant does not have complete knowledge of the State’s case, so long as' he has a sufficient factual awareness.[10] While Ruiz’s reasoning is instructive, that case addressed mandatory disclosure of impeachment ¿videnee before a plea. Broussard does not claim that the laboratory results- were impeachment evidence. Accordingly, our analysis focuses on Brady v. United States[11] and Ex parte Palmberg[12]—cases conspicuously absent from the dissenting opinion.
A defendant may have a sufficient factual awareness despite laboring under misapprehensions.[13] In Brady v. United States, the Supreme Court held that a defendant’s plea was not rendered involuntary because it was induced by his attorney’s miscalculation of the penalties available if he pleaded guilty or went to trial.[14] “A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State’s case or the likely penalties attached to alternative courses of action.”[15] However, a guilty plea induced by the State’s misrepresentation or improper promises by the State is involuntary and may be withdrawn.[16]
When a defendant pleads' guilty knowing that a particular fact is unknown or at least uncertain, he cannot later invalidate his plea if he misapprehended that fact or the State’s ability to prove it. In Ex parte Palmberg, we held that “even if the defendant is less-well informed, as long as he has sufficient awareness of his circumstances—including an awareness that some facts simply remain unknown to him or are undetermined as of the time of his plea—his potentially unwise plea is still a voluntary one.”[17] Palmberg, like Brous-sard, pleaded guilty after a field test determined he was carrying an illicit substance. [18] Several years later, the police department attempted to analyze the substance but learned that the entire sample was consumed in the field test.[19] Palmberg filed a habeas corpus application alleging that his plea was involuntary because he belieyed, at the time of the plea, that the State would be able to prove the substance was illicit at trial.[20] Following the Supreme Court’s precedent in Brady and Ruiz, we held that Palmberg was not entitled to *818 withdraw his plea because he misapprehended the strength of the State’s case.[21]
In Palmberg, we reiterated that a defendant need not have complete knowledge of the State’s case to make a voluntary and knowing guilty plea.[22] The correct standard is “whether [the defendant] was aware of sufficient facts—including an awareness that there are or may be facts that he does not yet know—to make an informed and voluntary plea.”[23] If a known fact changes after the plea—for example, a key witness dies—the defendant is not entitled to withdraw his plea.[24] In the same way, if a known unknown is discovered to be different than the defendant estimated, it does not necessarily entitle him to relief from his agreement with the State because his estimation turned out to be wrong.[25]
III.
Broussard argues that because he did not have sufficient awareness of the factual circumstances surrounding his plea, it was involuntary and unknowing. According to Broussard, he lacked a sufficient factual awareness because he was not aware of the laboratory results before he pleaded guilty, Broussard claims he would not have pleaded guilty “but for the incorrect belief that the evidence supported this conviction.” He does not claim his plea was involuntary by virtue of its impeachment value. The dissent would find a plea “under identical facts” voluntary because the defendant “received a good plea deal[,]” but curiously would grant Broussard relief based on his bare assertion that he would not have accepted the plea.[26] The dissent would further require a court to “assess! ] the importance of the type of substance on a defendant’s decision to plead guilty”[27] instead of requiring a defendant to meet his burden by providing a reason why he would not have accepted the plea. But Broussard articulates no reason why he would not have accepted the plea bargain other than the bare fact that the illicit substances were different. Supreme Court precedent adopted by this Court mandates that Broussard’s argument fail and his writ be denied.
“Every defendant that pleads guilty does so with the implicit understanding that conviction at trial is never certain.”[28] A guilty plea provides not only certainty but also other benefits in the form of a reduced sentence or a dropped charge or enhancement.[29] The cost of a guilty plea’s certainty is the waivers of rights, including the right to confront and cross-examine witnesses and the right to have the State prove the charges beyond a reasonable doubt.[30] The Supreme Court aptly described a defendant’s decision-making process:
Often the decision to plead guilty is heavily influenced by the defendant’s appraisal of the prosecution’s case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted.
*819 Considerations like these frequently present imponderable questions for which there are no certain answers; judgments may be made that in light of later events seem improvident, although they were perfectly sensible at the time.[31]
When considering whether to accept a plea agreement with its attendant waivers of rights, defendants generally weigh the certainty and benefits associated with pleading guilty against the risk involved at trial.
Here, Broussard pleaded guilty without knowing all of the pertinent facts. He was faced with the risk of trial and, because the enhancement paragraphs would enhance his state-jail felony to a third-degree felony, a maximum penalty of ten years’ imprisonment.[32] In the plea-bargain agreement, the State offered Broussard eight months’ imprisonment and agreed to abandon both enhancement paragraphs. Broussard chose to take the benefits of pleading guilty and avoid the risk of trial. Broussard is not entitled to withdraw his plea simply because his good-faith evaluations of the facts turned out to be incorrect.
As we held in Palmberg, a defendant who pleads guilty knowing that a certain fact is unknown cannot invalidate his plea because he misapprehended that fact.[33] Here, Broussard pleaded guilty before laboratory tests confirmed that the unidentified substance was cocaine. Broussard chose to avoid the risks involved at trial and pleaded guilty, gaining the certainty and benefits associated with the plea. He cannot now invalidate his guilty plea because his prediction of the State’s ability to prove he possessed cocaine was incorrect.[34] This conclusion is consistent not only with Palmberg but also with Brady where the Supreme Court found that “[a] defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State’s case[.]”[35]
Invalidating a plea such as Broussard’s would render the waivers, admonishments, and stipulations that a defendant has sworn to—the equivalent of testimony— inconsequential. In Brady, the Supreme Court found “no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought.”[36] Broussard judicially confessed and swore that he was competent and aware of the consequences of his guilty plea. Within the same judicial confession, he waived his right to a jury and his right to require the appearance, confrontation, and cross-examination of witnesses. Finally, in Broussard’s sworn judicial confession he stipulated that “[he had] read the indictment and [he] committed each and every element alleged.” Invalidating Brous-sard’s guilty plea based on later-obtained evidence, which was known to be unknown at the time of the plea, would contradict Brady and trivialize the importance and *820 solemnity of sworn statements, judicial confessions, and testimony generally.
Broussard attempts to support his argument by relying on Ex parte Mable, but Mable does not support a claim like Brous-sard’s. In Ex parte Mable, we extended the involuntary-plea jurisprudence to allow a defendant who was later found to have no illicit substances to withdraw his plea.[37] We held that Mable’s guilty plea to possession of a controlled substance was involuntary because, in fact, he was not carrying any illicit substances.[38] It was the complete lack of illicit substances that qualified as a “crucial” fact in Mable’s involuntary-plea calculus.[39] Here, because the laboratory tests confirmed that Broussard was carrying an illicit substance listed in penalty group 1, Broussard is not entitled to the relief Mable affords those applicants whose cases fall within the specific circumstances presented in Mable itself.
IV.
A guilty plea is not necessarily involuntary when a defendant misapprehends a known unknown. As such, guilty pleas that are otherwise valid do not become invalid merely because laboratory tests determine the defendant was carrying a different illicit substance. For this reason, we deny Broussard’s writ of habeas corpus.
Alcala, J., filed a dissenting opinion. Walker, J., concurred. Newell, J., dissented.

. Tex Health & Safety Code § 481,102(3)(D).

. Id. § 481.102(6).

. See Ex parte Marez, 464 S.W.2d 866, 868 (Tex. Crim. App. 1971).

. McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct 1166, 22 L.Ed.2d 418 (1969).

. Id.

. McMann v. Richardson, 397 U.S. 759, 766, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

. State v. Guerrero, 400 S.W.3d 576, 588 (Tex. Crim. App. 2013).

. United States v. Ruiz, 536 U.S. 622, 625, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002).

. Id. at 629,

. Id. at 630.

. 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

. 491 S.W.3d 804 (Tex. Crim. App. 2016).

. Brady, 397 U.S. at 757, 90 S.Ct. 1463.

. Id. at 756.

. Id. at 757.

. Id. at 755.

. Ex parte Palmberg, 491 S.W.3d at 809.

. Id. at 806.

. Id.

. Id. at 806-07.

. Id. at 809.

. Id.

. Id. (emphasis in original).

. Id.

. Id.

. Ante, at 823, n.1 (Alcala, J., dissenting).

. Id.

. Id. at 809 n.9.

. Id. at 810 n.10.

. Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Brady, 397 U.S. at 756-57, 90 S.Ct. 1463.

. Tex. Penal Code §§ 12.425(a), 12.34(a).

. Ex parte Palmberg, 491 S.W.3d at 809.

. See id. at 810 n.13 ("Allowing such a defendant to undo his plea because the State's evidence turned out to be insufficient would be similar to a poker player wanting to undo his fold upon realizing that his opponent did not have a winning hand.”).

. Brady, 397 U.S. at 757, 90 S.Ct. 1463.

. Brady, 397 U.S. at 757, 90 S.Ct. 1463.

. Ex parte Mable, 443 S.W.3d 129, 131 (Tex. Crim. App. 2014).

. Id.

. Id.