

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-93,188-01

## EX PARTE RAY ANTHONY HICKS, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 139374301010 IN THE 176TH DISTRICT COURT
## FROM HARRIS COUNTY

McClure, J., delivered the opinion of the court in which Hervey, Richardson, Newell, Walker, and Slaughter, JJ., joined. Keel, J., concurred in the result. Yeary, J., filed a dissenting opinion in which Keller, P.J., joined only as to Part II.

## OPINION

Applicant Ray Anthony Hicks pled guilty to attempted forgery of a government instrument in 2013 and was sentenced, under a plea agreement, to 180 days of confinement in a state jail facility. Through habeas counsel, Applicant filed this application for a writ of habeas corpus. He contends that he is actually innocent because subsequent analysis

showed the $100 bill he possessed was genuine. This Court does not find that Applicant is actually innocent but instead grants relief on the ground of an involuntary plea.

Applicant was charged with forgery but ultimately pled guilty to attempted forgery. More than five years later, the United States Secret Service notified the Webster Police Department by letter that Applicant's $100 bill was genuine. The habeas court now finds that Applicant is actually innocent of the charged offense and any possible lesser included offenses based on newly discovered evidence neither introduced nor available to the defense at trial. Specifically, the habeas court finds that the State could not have proven beyond a reasonable doubt that the Applicant had intent to defraud because the bill was not actually forged.[1]

This case presents an unusual nexus of the law on innocence, attempt, fraud, and the defense of factual impossibility. To prevail in a claim of actual innocence when no constitutional violation is alleged, the applicant "must show *by clear and convincing evidence* that no reasonable juror would have convicted him in light of the new evidence." *Ex parte Elizondo*, 947 S.W.2d 202, 208, 209 (Tex. Crim. App. 1996). A person commits criminal attempt when the person has the specific intent to commit an offense and performs an act amounting to more than mere preparation but then fails to commit the target offense.

---

[1] In its findings of fact and conclusions of law, the habeas court cites *Ramsey v. State* for the proposition that to prove intent to harm or defraud, "the trier of fact must be able to reasonably infer that Appellant knew the instrument was forged beyond a reasonable doubt." 473 S.W. 3d 805, 809 (Tex. Crim. App. 2015). *Ramsey* relies on *Okonkwo v. State*, in which we said that the State had to prove that the appellant knew the bills were forged in order to prove intent to defraud or harm. 398 S.W. 3d 689, 695 (Tex. Crim. App. 2013). In a concurrence to *Okonkwo*, three judges who also joined in the majority opinion stated that the law was unsettled on the issue of whether knowledge is an implied element of forgery. *Id*. at 701. Regardless, both *Ramsey* and *Okonkwo* involved actual forged instruments. It is not clear that *Okonkwo* applies to the offense of attempt when there is no forged document.

Tex. Penal Code § 15.01. When a defendant has an objective that is forbidden in criminal law but cannot achieve that objective due a circumstance that is unknown to him, then factual impossibility exists. *Chen v. State*, 42 S.W.3d 926, 929 (Tex. Crim. App. 2001). For example, factual impossibility includes attempting to pick an empty pocket and attempting to kill with a poison that was not lethal. *Lawhorn v. State*, 898 S.W.2d 886, 891 (Tex. Crim. App. 1995). Factual impossibility is not a defense, even in the context of attempt. *Chen*, 42 S.W.3d at 927, 929–30 (citing *Lawhorn*, 898 S.W.2d at 891).

Applicant has not demonstrated actual innocence. The Secret Service letter does not help to exculpate him from criminal attempt. According to the arresting officer's report, Applicant admitted to an illegal intent: he said he knew the bill was fake and had attempted to use it at a bonding company. With this evidence, a reasonable juror could have concluded that Applicant had a "conscious objective"—an intent—to engage in passing a forged document. *See* Tex. Penal Code §§ 6.03(a), 32.21. The fact that the bill was genuine was merely a circumstance impeding his ability to complete the offense; it did not negate his intent. Furthermore, the fact that he now disavows that statement is not newly discovered evidence; if he did not know the bill was fake or did not intend to pass it, he could have said that to the police officer or the trial court before entering his plea. Applicant does not prove by clear and convincing evidence that no reasonable juror would have convicted him of attempt to commit forgery.

Yet the record shows that Applicant's plea was unknowing and thus involuntary. This case is not unlike *Ex parte Mable*, and its reasoning and holding are applicable

here. *See Ex parte Mable*, 443 S.W.3d 129, 130–31 (Tex. Crim. App. 2014). In *Mable*, we cited Texas Code of Criminal Procedure article 26.13(b) and *McCarthy v. United States,* 394 U.S. 459, 466 (1969), for the rule that a plea must be entered knowingly and voluntarily. 443 S.W.3d at 130–31. Because a guilty plea includes a waiver of constitutional rights, the defendant must have "sufficient awareness of the relevant circumstances." *Brady v. United States*, 397 U.S. 742, 748 (1970). In *Ex parte Mable*, the defendant and all parties involved believed the defendant had been in possession of drugs. 443 S.W.3d at 131. Accordingly, the defendant pled guilty to possession of a controlled substance. *Id*. at 130. Not long afterward, forensic testing revealed that the substance he possessed was not in fact illicit. *Id*. We held that, while the defendant may have been guilty of a lesser included offense—such as attempt to possess a controlled substance—he was entitled to relief because his plea could not have been entered knowingly and voluntarily. *Id.* at 131.

Similarly here, all parties believed at the time of the plea that the $100 bill Applicant possessed was fake. The Secret Service letter shows that Applicant was not aware of all the circumstances at the time of the plea because, contrary to his professed belief, the bill was genuine. Like Mable, Applicant was under a "misapprehension about the true nature of the substance he possessed" and was "insufficiently aware of [a] fact that was crucial to [his] case." *See Ex parte Palmberg*, 491 S.W.3d 804, 811 (Tex. Crim. App. 2016). Therefore, Applicant did not make an informed choice when he pled guilty.

We distinguish this case from two other recent cases in which we declined to grant relief under *Ex parte Mable*. *See Ex parte Palmberg*, 491 S.W.3d at 811–12; *Ex parte Broussard*, 517 S.W.3d 814, 820 (Tex. Crim. App. 2017). Our opinion in both of those cases followed the precedent of *Brady v. United States*, in which the Supreme Court held, "A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case." 397 U.S. at 757.

In *Ex parte Palmberg*, the State used up all the suspected cocaine found in Palmberg's possession when it conducted field tests and did not have any of the substance remaining for laboratory tests. 491 S.W.3d at 806. Palmberg argued that his plea was involuntary because he would not have pled guilty if he had known the State had no more of the substance to test. *Id.* at 806–07. We held that a plea is not necessarily involuntary just because "the defendant pled guilty under the mistaken belief that specific evidence would be available for use against him at trial." *Id*. at 808.

In *Ex parte Broussard*, a field test indicated that a substance found in the Broussard's possession was cocaine, and he pled guilty to delivery of cocaine. 517 S.W.3d at 816. Later, a laboratory test identified the substance as methamphetamine, which is also a penalty group one substance. *Id*. Broussard alleged that he would not have pled guilty if he had known the results of the lab test. *Id*. at 818. In finding that Broussard's plea was voluntary and intelligent, we reasoned, "A guilty plea is not necessarily involuntary when a defendant misapprehends a known unknown," such as an unidentified substance. *Id*. at

816, 820. Also, the complete lack of illicit substances distinguished Broussard's case from *Mable*. *Id* at 820.

Here, there were no "known unknowns." There were no forged documents. The record shows that all parties mistakenly believed the bill was fake; apparently, no one questioned that fact at the time of the plea.

Relief is granted; Applicant is permitted to withdraw his plea. The judgment in cause number 139374301010 in the 176th District Court of Harris County is set aside, and Applicant is remanded to the Harris County Sheriff to answer the charge as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

DELIVERED:     February 16, 2022

PUBLISH