

# In the Court of Criminal Appeals of Texas

No. WR-95,713-01

EX PARTE FRANK GREGORY SHELTON,

*Applicant*

On Application for Writ of Habeas Corpus
In Cause No. 1334516-A in the 209th District Court
Harris County

YEARY, J., filed a dissenting opinion.

In January of 2012, Applicant was charged with possession of a controlled substance, specifically, 4-400 grams of methylenedioxy methamphetamine (MDMA), a second-degree felony. TEX. HEALTH & SAFETY CODE §§ 481.103(a)(1) (designating MDMA as a Penalty Group 2 controlled substance), 481.116(d) (establishing possession of 4-400

grams of a Penalty Group 2 controlled substance as a second-degree felony). On the same day the charge was filed, Applicant pled guilty pursuant to a plea agreement and was sentenced to two years' imprisonment. At the time of his plea, no laboratory testing of the substance in Applicant's possession had occurred.

In September of 2012, nine months after Applicant's plea, the Houston Police Department crime laboratory released its forensic analysis of the evidence in Applicant's case. The report identified only the presence of N-Benzylpiperazine (BZP), a different Penalty Group 2 controlled substance, and in an amount of 0.8 grams. *See* TEX. HEALTH & SAFETY CODE § 481.103(a)(1) (designating BZP as a Penalty Group 2 controlled substance).

Later, in November of 2021, the evidence was destroyed pursuant to a destruction order from the trial court. Then, in February of 2022, ten years after Applicant's plea, the Harris County District Attorney's Office sent Applicant notice of the variance between his charge and the drug lab report, including a copy of the lab report. Two years later, in March of 2024, Applicant filed the instant application for writ of habeas corpus with the assistance of the Harris County Public Defender's Office.[1]

 Applicant raises two grounds for relief "[i]n light of the laboratory report showing that the evidence contained a different controlled

---

[1] Applicant long ago completed his sentence, but he has alleged in his pleading the existence of collateral consequences "sufficient to establish 'confinement' so as to trigger application of art. 11.07." *Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010). Specifically, the record indicates that Applicant's conviction in this cause has been used to enhance his punishment in another criminal case.

substance and weighed less than the amount he was charged and convicted of possessing[.]" First, he argues that, because "the evidence in the case cannot support the offense that Applicant was charged and convicted of committing[,]" his conviction violates due process. Second, he argues that his plea was involuntary because, had he known that "the evidence in this case was not MDMA and weighed less than the amount required to sustain the charge, he would not have pleaded guilty."

The Court today grants Applicant relief on his second claim, involuntary plea, under *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014). For reasons I have often explained, I would not grant any applicant relief under *Mable*, because *Mable* was wrongly decided and should be overruled.[2] Moreover, there is no evidence in this case that Applicant was "fraudulently misled or coerced into pleading guilty or that his plea counsel was ineffective." *Ex parte Saucedo*, 576 S.W.3d 712, 721 (Tex. Crim. App. 2019) (Keasler, J., concurring). He pled guilty the same day he was charged, one day after his arrest, when neither he nor the State knew what testing of the evidence in his case might reveal. This "ignorance of facts he 'knew . . . he did not know'" does not now,

---

[2] *See Ex parte Warfield*, 618 S.W.3d 69, 72–73 (Tex. Crim. App. 2021) (Yeary, J., concurring) ("*Mable* should be overruled. As Judge Keasler aptly explained in his concurring opinion in *Saucedo*, so long as an accused enters a guilty plea with an awareness of what he does not know, it cannot be said that he pled involuntarily.") (citing *Ex parte Saucedo*, 576 S.W.3d 712, 719 (Tex. Crim. App. 2019) (Keasler, J., concurring)); *Ex parte Hooper*, 685 S.W.3d 152, 155 (Tex. Crim. App. 2024) (Yeary, J., dissenting) ("I reaffirm my belief today that this Court should overrule *Mable* because it stands for the erroneous proposition that subsequent factual developments, without any 'suggestion that [the applicant] was fraudulently misled or coerced into pleading guilty or that [her] plea counsel was ineffective[,]' may retroactively render an applicant's plea of guilty involuntary") (quoting *Saucedo*, 576 S.W.3d at 721 (Keasler, J., concurring)).

retroactively, render his plea involuntary. *Id.* at 719 (Keasler, J., concurring) (quoting *Ex parte Palmberg*, 491 S.W.3d 804, 810 (Tex. Crim. App. 2016)). I would not grant Applicant relief on the ground of involuntary plea.[3]

Instead, I would grant Applicant relief on his first claim, due process, as the habeas court recommends, and reform his judgment. As I wrote in *Ex parte Ohlemacher*:

> When undisputed new facts that were inaccessible to both parties at the time of a trial or plea irrefutably demonstrate that an Applicant is *not guilty* of the offense for which a judgment of conviction has been entered, the right to due process and due course of law are implicated. But for the inaccessibility of those newly discovered facts, a rational jury or judge would *not* have entered either a finding or a judgment of guilt.

666 S.W.3d 528, 528 (Tex. Crim. App. 2023) (Yeary, J., concurring). Accordingly, when post-plea analysis of the evidence in a controlled substance case proves that the applicant is guilty only of a different offense, due process demands that the applicant's false judgment be corrected. Here, Applicant pled guilty to and was convicted of possession of a Penalty Group 2 controlled substance, and the evidence shows that he is guilty of some level of that offense. That he actually possessed a different Penalty Group 2 drug (BZP) than he believed he had possessed

---

[3] Applicant's plea was also not involuntary simply because he possessed a different penalty group two controlled substance than the one that he pled guilty to possessing. *Ex parte Broussard*, 517 S.W.3d 814, 820 (Tex. Crim. App. 2017) ("[G]uilty pleas that are otherwise valid do not become invalid merely because laboratory tests determine the defendant was carrying a different illicit substance.").

(MDMA) is of no moment because the Texas Health and Safety Code does not create separate offenses for possession of each substance described under Penalty Group Two. *See* TEX. HEALTH & SAFETY CODE § 481.116.

The degree of offense, however, does depend on the aggregate weight of the substance. Thus, the relevant variance between Applicant's judgment of conviction and the evidence is that his judgment reflects that he possessed a second-degree felony amount of a Penalty Group 2 substance (4-400 grams) while the evidence now shows that he possessed only a state-jail felony amount of such a substance (less than one gram). *See id.* § 481.116(b), (d). But for the inaccessibility of that now-known fact, a rational judge would not have entered Applicant's offense as a second-degree felony. I would therefore reform Applicant's judgment to reflect a conviction for the degree of offense the evidence shows he committed: a state jail felony.[4] Because the Court, by setting aside his judgment altogether, grants Applicant a greater form of relief than he is entitled to receive,[5] I respectfully dissent.

**FILED:**                                          July 31, 2024
**PUBLISH**

---

[4] Given that Applicant's sentence of two years' imprisonment was within the statutory range for a state-jail felony, TEX. PENAL CODE § 12.35(a), and that he agreed to that sentence as part of a plea bargain, and finally that he completed his sentence long ago, remand for a new punishment hearing is completely unnecessary in this case.

[5] The effect of setting aside Applicant's judgment as the Court does today is to ensure that Applicant's conviction cannot be used to enhance his range of punishment in any future convictions. But in my view of the case, given that the evidence shows Applicant is guilty of a state-jail felony offense, using that conviction as the basis of an enhancement is not inappropriate so long as that conviction is correctly described as a state-jail felony.