

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-93,347-02 & WR-93,347-03

**EX PARTE GREGORY SCOTT SIPPEL, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 1430076-A &1430077-A IN THE 180TH DISTRICT COURT
FROM HARRIS COUNTY**

**KELLER, P.J. filed a dissenting opinion in which SLAUGHTER, J., joined.**

## DISSENTING OPINION

There are two cases here, and at least one of them, the – 02 case– is odd. Because I think we need more information, I would remand these cases for further evidence and for findings.

### A. The -02: Hydrocodone

In the -02, Applicant was charged with possessing at least 28 (and less than 200) grams of hydrocodone. A variety of pills were found in Applicant's possession:

- Two yellow oval pills with a scratched off imprint

- Two white oval pills with a scratched off imprint

- Two green oval pills with a scratched off imprint

• A Ziploc bag containing 63 blue oval pills labeled "Watson 540".

The individual pills did not weigh much. One of the yellow pills weighed 0.302 grams and the remaining yellow, white, and green pills weighed around 0.15 grams each. But the 63 blue pills in the Ziploc bag together weighed just under 41 grams. It is obvious that the bag of blue pills is the subject of the State's indictment in the -02 case.

The Court seems to suggest that the -02 is a "different drugs" case (one where testing reveals the substance to be a different controlled substance than the one charged[1]) or a "lesser amount" case (where the amount of controlled substance is less than what was charged) but an examination of the report negates both of those possible conclusions. One each of the yellow, white, and green pills was tested and found to contain Alprazolam. But that does not matter because only the bag of blue pills weighed enough to meet the 28 gram threshold, and it was not found to contain a controlled substance.

And here is where the case gets odd. According to the laboratory report, the blue pills are labeled "Watson 540." That is a manufacturer's label. A search of www.drugs.com indicates that a blue oval pill with that label describes a combination of acetaminophen and hydrocodone bitartrate supplied by Watson Laboratories, Inc. If these pills are genuine, they satisfied the indictment. If they are counterfeit, then the -02 is like *Ex parte Mable*, where drug testing revealed that the substance was not an illicit substance.[2]

The laboratory report says, "No Compounds Confirmed by Standard Procedures." I am not

---

[1] *See Ex parte Broussard*, 517 S.W.3d 814, 820 (Tex. Crim. App. 2017) (Plea not necessarily involuntary when testing showed substance to be a different controlled substance than the one charged.).

[2] 443 S.W.3d 129, 130 (Tex. Crim. App. 2014).

entirely sure if "confirmed" means the same as "detected." Like Judge Yeary, I am also concerned that the "sampling plan" for this test provides a 95% confidence for "at least 75%" of the pills, leaving the apparent possibility of 25% of the pills containing a controlled substance (though 25% of 41 would be around 10 grams, which would fall below the 28 gram threshold for the grade of this offense). I am also concerned about the statement, "One or more compounds were identified, but not confirmed." That sentence follows with a listing of "examples" that include but are not limited to fillers, flavoring agents, additives, and botanical or fungal extracts. That qualifying sentence suggests that the "identified" compounds are inactive ingredients, but I think we need a more explicit explanation of what these sentences mean.

All of this is to say I think we need some expert testimony explaining the various statements made by the laboratory report in connection with the testing of the blue pills. And I think we need to get evidence and findings on whether the testing shows the blue pills to be counterfeit or whether we need more testing to arrive at such a conclusion.

## B. The -03: Heroin

In the -03, Applicant was charged with possessing at least four grams (and less than 200 grams) of heroin.[3] The laboratory report says that a syringe containing a brown liquid tested positive for heroin with a weight of 0.268 grams. That weight is only slightly more than one-fifteenth of the minimum weight of four grams needed to meet the grade of the offense charged. That seems like a significant discrepancy, and like Judge Yeary, I think we need to know how such a discrepancy occurred. Perhaps the weights involved are small enough that a mis-estimate of even this magnitude

---

[3] The charging instrument says "more than 4 grams" but the statute says "four grams or more but less than 200 grams." TEX. HEALTH & SAFETY CODE § 481.112(d).

is not unusual, but if that is the case, we need to hear from an expert how much of a discrepancy can be expected and why. I have suggested that *Mable* should not necessarily control when the laboratory testing merely shows a lesser amount of the controlled substance charged,[4] but an explanation for the discrepancy here might factor into how this sort of case should be treated.

I would remand this case for further proceedings. Because the Court grants relief without doing so, I respectfully dissent.

Filed: August 21, 2024
Publish

---

[4] *Ex parte Hooper*, 685 S.W.3d 152, 153-54 (Tex. Crim. App. 2024) (Keller, P.J., dissenting).