

# In the Court of Criminal Appeals of Texas

No. WR-95,760-01

EX PARTE JEREMIAH RENE FLORES,

*Applicant*

On Application for Writ of Habeas Corpus
In Cause No. 23-CR-3451-83-1 in the 56th District Court
Galveston County

YEARY, J., filed a dissenting opinion in which KELLER, P.J., and KEEL and SLAUGHTER, JJ., joined as to Parts II & III.

In September of 2023, Applicant was arrested and charged with possession of a controlled substance, specifically, less than one gram of cocaine, a state-jail felony.[1] At the time of his arrest, Officer Ramirez,

---

[1] *See* TEX. HEALTH & SAFETY CODE §§ 481.102(3)(D) (designating cocaine as a Penalty Group 1 controlled substance), 481.115(b) (establishing

the arresting officer, tested the substance found on Applicant's person with a cocaine field test kit. The results came back positive for cocaine. Applicant was incarcerated and was unable to make bond.

In October of 2023, the Galveston County Criminal District Attorney's Office offered Applicant a time-served plea bargain. Applicant accepted the offer and pled guilty. Pursuant to the plea bargain, the trial court sentenced him to fifty-two days in the Galveston County Jail with twenty-six days credit.[2] *See* TEX. PENAL CODE § 12.44(a) (allowing state-jail felonies to be punished as Class A misdemeanors if that punishment best serves the ends of justice).

At the time of his plea, no laboratory testing of the substance found in Applicant's possession had been conducted. In November of 2023, however, about a month after Applicant's plea, the Texas Department of Public Safety Houston Crime Laboratory issued a lab report which concluded that the substance found in Applicant's possession was not cocaine but Alprazolam, a Penalty Group 3 controlled substance, in the amount of 0.12 (± 0.06) grams.[3] According to the lab report, Applicant committed not a state jail felony but a Class A misdemeanor.[4] So, a month later, in December of 2023, Applicant filed

---

possession of less than one gram of a controlled substance listed under Penalty Group 1 as a state-jail felony).

[2] The Galveston County Jail awards two-for-one time credit. Therefore, the assessed punishment amounted to time served.

[3] *See* TEX. HEALTH & SAFETY CODE § 481.104(a)(2) (designating Alprazolam as a Penalty Group 3 controlled substance).

this writ application with the assistance of counsel.[5]

In light of the laboratory results, Applicant now raises two grounds for relief in this writ application. First, he argues that he was "denied due process of law because the laboratory results prove that he was actually innocent of the charge for which he was convicted." Second, he argues that his plea "was involuntary because the laboratory results prove that he is actually innocent of the charge for which he was convicted." The State then responds, in its supplemental answer to Applicant's post-conviction habeas corpus application, that "all parties involved, including Applicant, incorrectly believed, at the time of his guilty plea, that the substance he possessed contained cocaine."

Today, the Court grants Applicant relief under *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014), on the basis that his plea was involuntary because he was unaware of the laboratory results that were not in existence at the time of his plea. Majority Opinion at 1. As I have

---

[4] *See* TEX. HEALTH & SAFETY CODE § 481.117(b) (establishing that possession of less than 28 grams of a controlled substance listed under Penalty Group 3 is a Class A misdemeanor).

[5] Applicant has completed his sentence, but he has alleged the existence of collateral consequences "sufficient to establish 'confinement' so as to trigger application of art. 11.07." *Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010). As best as we can tell, at the time of his guilty plea he was apparently serving a two-year period of deferred adjudicated community supervision in another cause number and, due in part to the offense subject to this application, the State filed a motion to proceed to adjudicate that earlier offense. Applicant also claims that this felony conviction will be taken into consideration when Applicant is reviewed for parole, also, presumably, with respect to that earlier offense.

articulated many times before,[6] I continue to believe that *Mable* was wrongly decided and should be overruled for the reasons explained by Judge Keasler's concurring opinion in *Ex parte Saucedo*, 576 S.W.3d 712–22 (Keasler, J., concurring) (Tex. Crim. App. 2021), and my concurring opinion in *Ex parte Warfield*, 618 S.W.3d 69, 72–75 (Yeary, J., concurring) (Tex. Crim. App. 2021).

But I do believe that Applicant should get relief. Although I would not grant Applicant relief on the ground that his plea was involuntary, I am convinced he has shown a violation of his right to due process. Allow me to explain.

### I. VOLUNTARINESS OF PLEA

*Mable* stands for the erroneous proposition that subsequent factual developments, without any "suggestion that [the applicant] was fraudulently misled or coerced into pleading guilty or that [his] plea counsel was ineffective[,]" may *retroactively* render an applicant's plea of guilty involuntary. *Saucedo*, 576 S.W.3d at 721 (Keasler, J., concurring). But that, I believe, is a mistake. As I have explained before, "so long as an accused enters a guilty plea with an awareness of what he does not know, it cannot be said that he pled involuntarily." *Warfield*, 618 S.W.3d at 72 (Yeary, J., concurring) (quoting *Saucedo*, 576 S.W.3d at 719 (Keasler, J., concurring)).

Even so, the Court seems to forget that the Court itself has limited the circumstances in which the rationale from *Mable* should be

---

[6] *See, e.g., Ex parte Hooper*, 685 S.W.3d 152 (Tex. Crim. App. 2024) (Yeary, J., dissenting); *Ex parte Thompson*, 584 S.W.3d 874 (Tex. Crim. App. 2019) (Yeary, J., dissenting).

applied. In *Ex parte Broussard*, this Court limited *Mable,* specifically, to "cases [that] fall within the specific circumstances presented in *Mable* itself"—where, after laboratory testing, it was found that the substance Mable possessed was *not* an illicit substance *at all.* 517 S.W.3d 814, 820 (Tex. Crim. App. 2017).[7]

In *Broussard*, this Court observed that Broussard's guilty plea was not rendered invalid simply because subsequent testing revealed that he had possessed a different controlled substance in the same penalty group that both he and the prosecution had believed he possessed. *Id.* The Court explained there that "[a] guilty plea is not necessarily involuntary when a defendant misapprehends a known unknown [and that] guilty pleas that are otherwise valid do not become invalid merely because laboratory tests determine the [applicant] was carrying a different illicit substance." *Id.* So, even if the Court does not see fit to overrule *Mable* as I would do today, it should at least be guided by the limiting principle it established in *Broussard*—that is the principle that should govern the Court's involuntary-plea analysis in this case.

Here, unlike in *Mable*, and like in *Broussard*, laboratory testing revealed that the substance Applicant possessed was still an illicit substance. At the time of Applicant's plea, both he and the prosecution were under the mutual misassumption that Applicant had possessed a

---

[7] As the Court explained in *Broussard*, "Mable's guilty plea to possession of a controlled substance was involuntary [only] because, in fact, he was not carrying any illicit substances. It was the complete lack of illicit substances that qualified as a 'crucial' fact in *Mable*'s involuntary-plea calculus." 517 S.W.3d at 820.

state-jail-felony amount of cocaine. Both parties apparently assented to the accuracy of Officer Ramirez's field test of the substance that was found in Applicant's possession. Both parties took the calculated risk that laboratory testing might reveal that Applicant possessed a different substance other than cocaine. And nothing in the record suggests that any coercion, intentional misrepresentation, or other action on the State's part rendered his plea involuntary. The Court's determination that Applicant's plea was involuntary pursuant to *Mable*, at least as *Mable* was limited by *Broussard*, is therefore flawed.

## II. DUE PROCESS

Where the facts of this case and *Broussard* diverge, however, is that here subsequent testing showed that Applicant possessed a different substance *in a different penalty group*.[8] Had that evidence been available at the time of Applicant's plea, Applicant would not have pled guilty to the state-jail felony cocaine possession offense. Instead, he would have been charged with, and convicted of, only a Class A misdemeanor.

Undisputed proof has now been presented irrefutably demonstrating that Applicant has been convicted of a crime that he manifestly did not commit. The information demonstrating this fact was inaccessible to the parties at the time of Applicant's plea. As I explained in *Ex parte Ohlemacher*:

> When undisputed new facts that were inaccessible to both
> parties at the time of a trial or plea irrefutably demonstrate

---

[8] In *Broussard*, the substance was believed to be cocaine, but subsequent laboratory testing revealed the substance to be methamphetamine. Both are listed under Penalty Group 1. 517 S.W.3d at 816. *See* TEX. HEALTH & SAFETY CODE § 481.102(3)(D)).

> that an Applicant is *not guilty* of the offense for which a judgment of conviction has been entered, the right to due process and due course of law are implicated. But for the inaccessibility of those newly discovered facts, a rational jury or judge would *not* have entered either a finding or a judgment of guilt.

666 S.W.3d 528, 528 (Tex. Crim. App. 2023) (Yeary, J., concurring). When, as in this case, a subsequent analysis of the evidence in a controlled substance case proves that an applicant possessed a different substance than he pled guilty to possessing, such that an applicant should have been convicted only of a lesser offense, due process demands that the applicant's false judgment be corrected.

The judgment of conviction against Applicant does not accurately reflect the crime that a rational jury or judge would have found Applicant guilty of had the newly found facts been accessible to them when determining his guilt. Because laboratory testing results clearly show that Applicant committed, not the state-jail felony of possession of cocaine, but the Class A misdemeanor of possession of a Penalty Group 3 controlled substance (Alprazolam) in an amount less than one gram, I would reform the judgment of conviction to accurately reflect the crime the evidence actually shows he committed.

### III. CONCLUSION

I would grant Applicant relief on due process grounds by reforming his judgment to reflect a conviction for the crime he committed: a Class A misdemeanor. Since his sentence was within the punishment range for a Class A misdemeanor,[9] and since he has already

---

[9] *See* TEX. PENAL CODE § 12.21.

served his sentence of 52 days in the Galveston County Jail, there seems to be no reason to remand for resentencing. By setting aside Applicant's judgment altogether, the Court grants Applicant a greater form of relief than the evidence shows he is entitled to. I therefore respectfully dissent.

**FILED:**                                      September 11, 2024
**PUBLISH**