

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-96,045-01

### EX PARTE DANNY ABRAHAM SALAS, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 84046-01-D-WR IN THE 320TH DISTRICT COURT
### POTTER COUNTY

**FINLEY, J., filed a dissenting opinion in which SCHENCK, P.J., and PARKER, J., joined.**

## DISSENTING OPINION

Applicant was charged with possession of a controlled substance. The State alleged that the substance Applicant possessed weighed at least one gram but less than four grams. Against the advice of counsel, and before the crime lab tested the controlled substance, Applicant pleaded guilty. Applicant was sentenced to three years' confinement. After his plea, the Texas Department of Public Safety (DPS) Crime Laboratory issued its testing report

that indicated the weight of the substance was under one gram. After the State disclosed that report, Applicant filed this application for a writ of habeas corpus. Applicant claims that his plea was involuntary, and his sentence was illegal. The Court today grants relief on Applicant's involuntary plea claim, citing *Brady v. United States*, 397 U.S. 742 (1970).

Under the Court's precedent, Applicant's plea was not involuntary. However, Applicant is entitled to relief on his illegal sentence claim. I would reform Applicant's judgment of conviction to the lesser-included state-jail felony offense and remand for a new punishment hearing. Because the Court does not, I respectfully dissent.

## I.     Background

Applicant was indicted on July 20, 2023, for the offense of possession of a controlled substance, penalty group 1, with weight greater than or equal to one gram but less than four grams, a felony of the third degree. TEX. HEALTH & SAFETY CODE § 481.115(c). The State alleged a prior conviction, which enhanced the offense to a felony of the second degree. TEX. PENAL CODE § 12.42(a). The range of punishment for a felony of the second degree is two to twenty years' confinement. *Id.* § 12.33. Applicant was initially found incompetent and committed to the state hospital. Later, Applicant's competency was re-assessed, and he was found competent on March 19, 2024.

Against trial counsel's advice and before DPS completed lab testing of the seized drugs, Applicant pleaded guilty to the charged offense and true to the enhancement paragraph on April 11, 2024. In exchange, the State recommended a sentence of three years' imprisonment. On May 28, 2024, the State sent Applicant a *Brady* notice. The *Brady* notice said that the lab testing indicated that the weight of the substance was 0.58 grams (+/– 0.06 grams). Applicant filed the instant application for a writ of habeas corpus, raising involuntary plea and illegal sentence claims.

## II.    Involuntary Plea

In *Brady*, cited by the Court's per curiam opinion, the Supreme Court held that "[a] defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." 397 U.S. at 757. A guilty plea induced by the State's misrepresentations or improper promises is involuntary. *Id.* at 755. Later, in *Ex parte Palmberg,* we emphasized that "even if the defendant is less-well informed, as long as he has sufficient awareness of his circumstances—including an awareness that some facts simply remain unknown to him or are undetermined as of the time of his plea—his potentially unwise plea is still a voluntary one." 491 S.W.3d 804, 809 (Tex. Crim. App. 2016).

*Palmberg* resolves Applicant's involuntary plea claim. At the time of his plea, before lab testing was complete, Applicant knew that he was unaware of certain facts—namely, the methamphetamine's weight. Nevertheless, he entered into a plea-bargain agreement against trial counsel's advice. Applicant's plea was not rendered involuntary because he did not know the actual weight of the controlled substance. In *Ex parte Broussard*, 517 S.W.3d 814 (Tex. Crim. App. 2017), the applicant had been arrested for possession of a controlled substance weighing less than one gram. *Id.* at 816. A field test determined that the substance was cocaine. *Id.* Before lab testing, applicant entered into a plea-bargain agreement, in exchange for the State dropping two enhancement paragraphs and recommending a reduced sentence. *Id.* Lab testing later confirmed that the substance was, in fact, not cocaine. *Id.* We rejected the applicant's involuntary plea claim, relying on *Palmberg*, reasoning that "a defendant who pleads guilty knowing that a certain fact is unknown cannot invalidate his plea because he misapprehended that fact." *Id.* at 819 (citing *Palmberg*, 491 S.W.3d at 809). The same is true here: that Applicant misapprehended a certain fact (in *Broussard*, whether the seized substance was cocaine; here, whether the methamphetamine's weight was at least one gram but less than four grams) does not render his plea involuntary.

Curiously, the Court does not cite *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014), as support for granting Applicant relief. In *Mable*, we held that a defendant who pleads guilty to possessing a controlled substance and is later found out not to have actually possessed an illegal substance is entitled to involuntary plea relief. *Id.* at 131. But that is not the case here. Applicant is still guilty of possessing a controlled substance—albeit, of a lower weight.

Like the defendant in *Broussard*, Applicant "chose to avoid the risks involved at trial and pleaded guilty, gaining the certainty and benefits associated with the plea." *Id.* As we said in *Palmberg*, "[t]he fact that his roll of the dice did not turn out as favorably as it might have had he proceeded to trial is not a ground for invalidating his plea." 491 S.W.3d at 810; *see also id.* at n.13 ("Allowing such a defendant to undo his plea because the State's evidence turned out to be insufficient would be similar to a poker player wanting to undo his fold upon realizing that his opponent did not have a winning hand. A defendant cannot claim involuntariness just because he wrongly guessed what was in the State's 'hand' for trial."). Applicant's plea was not involuntary, so he is not entitled to relief on that basis.

### III. Illegal Sentence

This leaves Applicant's illegal sentence claim. An illegal sentence is one that is not authorized by law; therefore, a sentence that is outside the

authorized range of punishment is considered illegal. *Ex Parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013); *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).

The habeas record shows that Applicant possessed a controlled substance with a weight less than one gram. I would reform the judgment of conviction to that offense. *See Thornton v. State*, 425 S.W.3d 289, 299–300 (Tex. Crim. App. 2014). The lesser-included offense of possession of a controlled substance under one gram is a state-jail felony. TEX. HEALTH & SAFETY CODE § 481.115(b). The range of punishment for a state-jail felony offense is confinement in the state jail for a period no less than 180 days and no more than two years. TEX. PENAL CODE § 12.35.[1] Here, Applicant was sentenced to three years' confinement, which is outside the range of punishment allowed by law. Consequently, Applicant is entitled to a new punishment hearing.

## IV. Conclusion

Based on the Court's well-established involuntary plea jurisprudence, Applicant is not entitled to relief on that claim. Nevertheless, Applicant is entitled to relief on his illegal sentence claim. I would reform Applicant's

---

[1] With the newly reformed offense, it matters not that Applicant pleaded true to the enhancement paragraph because a state-jail felony offense cannot be enhanced to a third-degree felony with a single prior felony conviction. *See* TEX. PENAL CODE § 12.425.

conviction to the lesser-included offense and remand for a new punishment hearing. Because the Court does not, I respectfully dissent.

**Filed: May 7, 2025**
**Publish**